UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

3:16-MC-00183

IN THE MATTER OF
THE EXTRADITION OF
MIROSLAV FEJFAR

CERTIFICATION AND COMMITTAL
FOR EXTRADITION

<u>CASE UNDER SEAL</u>

Having held an extradition hearing on December 5, 2016, and after considering the evidence, in particular, the certified and authenticated documents submitted by the Government of the Czech Republic, and the pleadings and the arguments of both counsel, the Court finds and certifies to the Secretary of State as follows:

1. This Court has jurisdiction over, and the undersigned is authorized to conduct, extradition proceedings pursuant to Title 18 U.S.C. § 3184.

2. This Court has personal jurisdiction over Miroslav Fejfar (the "Fugitive") found and arrested on April 11, 2016, in this District pursuant to a complaint filed by the United States in response to the request of the Government of the Czech Republic for the arrest and extradition of the Fugitive.

3. The extradition treaty between the United States and the Government of the Czech Republic, formally described as the Extradition Treaty between the United States of America and Czechoslovakia for the Extradition of Fugitives from Justice, U.S.-Czech., July 2, 1925, 44 Stat. 2367 (the "1925 Treaty"), as amended by the Supplementary Treaty Between the United States of America and Czechoslovakia, U.S.-Czech., Apr. 29, 1935, 49 Stat. 3253 (the "1935 Supplementary Treaty"); and the Second Supplementary Treaty on Extradition Between

the United States of America and the Czech Republic, U.S.-Czech., May 16, 2006, S. Treaty Doc. No. 109-14 (2006) (the "2006 Second Supplementary Treaty") (collectively, the "Treaty") entered into force on February 1, 2010, and was in full force and effect at all times relevant to this action.

4. The Miroslav Fejfar sought by the Czech Republic authorities and the Miroslav Fejfar arrested in this District for extradition and brought before this Court are one and the same person.

5. The Fugitive has been convicted and sentenced in the Czech Republic to three years in prison for extortion in violation of Section 235(1) of the Czech Criminal Code of 1961, and inducement in violation of Section 10(1)(b) of the Czech Criminal Code of 1961 to commit the offense of endangering the safety of the public under Section 179(1) of the Czech Criminal Code 1961. The Government of the Czech Republic has jurisdiction over this criminal conduct;

6. The above-referenced Treaty between the United States and the Czech Republic, pursuant to Article II of the Treaty, as replaced by Article 2 of the 2006 Second Supplementary Treaty between the United States and the Czech Republic, encompasses the offenses for which the Fugitive has been convicted and sentenced and for which extradition is sought for service of sentence.

7. The Government of the Czech Republic submitted documents that were properly authenticated and certified in accordance with the terms of the Treaty. Those documents include the pertinent text for the crimes with which the Fugitive has been convicted and sentenced.

8. There is probable cause to believe that the Fugitive before this Court, the same person identified in the extradition request from the Government of the Czech Republic, was tried and convicted for the offenses for which extradition is sought.

**Certification and Committal for Extradition**  **Page 2**

9. The evidence before this Court is sufficient to justify the Fugitive's committal for felony charges had the offenses for which he was convicted and sentenced occurred in the United States. This finding rests upon the documents submitted by the Government of the Czech Republic in this matter, including the Extradition Request dated 8/16/2012 from Czech Republic Ministry of Justice with attached (a) International Arrest Warrant for Miroslav Fejfar dated 6/25/2010, (b) the picture of fugitive Fejfar, (c) the judgment and proceedings in the District Court of Prague dated 4/20/2001, (d) appeal proceedings in the Municipal Court of Prague dated 7/31/2001, (e) the Supplement to Extradition Request dated 9/16/2015, (f) the Supplement to Extradition Request dated 11/2/2015 discussing the Czech Republic provisions on the lapse of sentences, and (g) the Supplement to Extradition Request dated 12/1/2016 further discussing the Czech Republic provisions on the lapse of sentences.

10. Fugitive argues that the Czech Republic's statute of limitations on the enforcement of sentences is a defense to extradition here. The parties acknowledge that Fugitive's three-year sentence, imposed on April 20, 2001, is subject to a five-year statute of limitations. Under Czech law, this limitation period can be tolled by several events. For the reasons set forth in the United States' Memorandum of Law in Support of Extradition and Reply to Opposition of Extradition and Motion for Stay and, in particular, on the December 1, 2016 letter from the Ministry of Justice of the Czech Republic, Government Exhibit #4, I find that the limitation period in this case was tolled by the issuance of various court orders, including an order issued on January 18, 2006, an international arrest warrant, and Fugitive's flight to the United States, and, therefore, Fugitive's three-year sentence is not time barred. Fugitive's argument that the January 18, 2006 reissuance of his three-year commitment order could not extend the statute of limitations because a clerk rather than a judge signed the order and because

**Certification and Committal for Extradition**                                                **Page 3**

the order lacked a certain seal is unavailing. This issue has been litigated by Fugitive, unsuccessfully, in the Czech district court and it is not for this court to opine on a foreign court's interpretation of its own law.

11.     Fugitive also argues that extradition is precluded because his criminal conviction was for a "political offense." Fugitive must establish the essential elements of the political offense exception by a preponderance of the evidence and he has failed to do so here. For the reasons set forth in the United States' Memorandum of Law in Support of Extradition and Reply to Opposition of Extradition and Motion for a Stay, a ruling that Fugitive is subject to being extradited to the Czech Republic cannot be denied on the basis of the political offense exception.

12.     Finally, Fugitive requests, in the alternative, that this court stay these extradition proceedings pending either resolution of his litigation in the United States Immigration Court or potential appeal of litigation regarding his sentence in the Czech Republic. I find, for the reasons set forth in the United States' Memorandum of Law in Support of Extradition and Reply to Opposition of Extradition and Motion for Stay, that a stay of proceedings in light of pending or potential litigation in the Immigration Court or the Czech Republic is inappropriate and Fugitive's request for a stay is denied.

THEREFORE, pursuant to 18 U.S.C. § 3184, and the above findings and conclusions of law, I certify the extradition of the Fugitive, Miroslav Fejfar, to the Czech Republic, on all offenses for which extradition was requested, continue the previous order of release on the same conditions , pending further decision on extradition and surrender by the Secretary of State pursuant to 18 U.S.C. § 3186.

I further order that the Department of Justice forward a certified copy of this Certification and Committal for Extradition, together with a copy of the evidence presented in this case,

including the formal extradition documents received in evidence and any testimony received in this case, to the Secretary of State.

Dated this 19th day of January, 2017.

_____
PAUL PAPAK
United States Magistrate Judge